UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL IGNACIO,<br><br>Defendant. | Case No. 16-cr-00298-WHO-1<br><br>**ORDER DENYING COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 25 |

Defendant Michael Ignacio moves for compassionate release from Lompoc United States Penitentiary ("USP Lompoc") pursuant to 18 U.S.C. § 3582(c)(1)(A) because he is of heightened risk of COVID-19 infection as a result of the conditions of his incarceration, his high blood pressure and obesity. I may grant his motion only if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The government concedes that Ignacio is in the high-risk category for COVID-19 infection, but argues that he is a danger to the community and that consideration of the Section 3553(a) factors should compel me to deny the motion. Gov't Response, Dkt. No. 948. I agree. Ignacio's motion is DENIED.

The phrase "extraordinary and compelling reasons" has been defined by the United States Sentencing Commission in the application notes to U.S.S.G. § 1B1.13. There are five circumstances that qualify as "extraordinary and compelling reasons" to grant compassionate release.

The first two relate to the defendant's medical condition. The "extraordinary and compelling reasons" standard is satisfied if "[t]he defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)." U.S.S.G. § 1B1.13 cmt. n.1(A)(i). It is also satisfied by "a serious physical or medical condition, . . . serious functional or cognitive impairment, or . . . deteriorating physical or mental health because of the aging process .

. . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id*. § 1B1.13 cmt. n.1(A)(ii). The defendant's age qualifies as a third extraordinary and compelling reason if, "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id*. § 1B1.13 cmt. n.1(B). Family circumstances requiring the defendant to care for minor children or a spouse or registered partner are a fourth qualifying reason. *Id*. § 1B1.13 cmt. n.1(C). Fifth, a catch-all provides for relief if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id*. § 1B1.13 cmt. n.1(D).

Ignacio suffers from high blood pressure and obesity, which puts him in the high-risk category. The government does not dispute that Ignacio is in the high-risk category that would qualify as an "extraordinary and compelling" reason for release. Gov't Response at 12- 14.

However, being in a high-risk category in prison, alone, does not compel the conclusion that he should be released. I also need to consider if Ignacio is a danger to others; I cannot grant the motion if he is. U.S.S.G. § 1B1.13(2).

In this case, Ignacio pleaded guilty to possession with intent to distribute 1.875 kilos of methamphetamine and being a felon in possession of a firearm. Probation recommended that he receive the Career Criminal enhancement because he has been convicted for ten felonies; seven for controlled substances and three firearms convictions. I did not apply the enhancement, but that does not take away from the extensive nature of his criminal history. And while Ignacio argues that his offense was not violent, I need not describe the devastated lives of the addicts left in the wake of his dealing. This was a very serious offense.

I also take note that within a year of Ignacio's release from state prison on July 11, 2015, he had been arrested for a drug offense on January 5, 2016 and for these offenses on May 17, 2016. He has served 56 months of a 152-month sentence (36 months below the low end of the Guideline range). It appears that he has conducted himself well during his incarceration. He has

2

taken available drug classes and worked as an art teacher—he is a talented artist—and has retained his good time credit. But in light of Ignacio's criminal history and the gravity of the offenses for which he has been convicted, particularly the ones on which I sentenced him, I conclude that he remains a danger to others. Because of that, he may not be released. U.S.S.G. § 1B1.13(2).

Consideration of the 18 U.S.C. § 3553(a) factors nets the same result. Ignacio has served less than half of the 152-month sentence I gave him. With good time credits, his projected release date is March 3, 2027; he has been in custody since May 17, 2016. His sentence is admittedly long but so is his criminal history, and he committed a very serious crime. He was a danger to the community when I sentenced him, and the fact that he has had a clean disciplinary record in prison does not alter the reasons I concluded that his sentence provided just punishment and protected the public from future crime. Given his long criminal history and the failure of his prior stint in prison to make any impact on his criminal behavior, the purposes of sentencing are still best served by Ignacio's completion of the sentence.

The motion is denied.

**IT IS SO ORDERED.**

Dated: January 20, 2021

William H. Orrick
United States District Judge